**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DAVID EDUARDO BAILON-ALOMIAS,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-07396 JLT CDB (HC)

A-Number: A-245-595-523

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 8)

David Eduardo Bailon-Alomias, a federal immigration detainee proceeding pro se, initiated this action on September 14, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order while in custody of Immigration and Customs Enforcement at the Central Valley Annex. (Docs. 1, 2.) On September 15, 2026, the Court found that Petitioner satisfied the factors governing the issuance of preliminary relief, ordered Respondents to hold Petitioner within the District pending further proceedings, and terminated the TRO motion as moot. (Doc. 5.)

Pursuant to referral under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17), on September 29, 2026, the assigned magistrate judge issued findings and recommendations to grant Petitioner's petition for writ of habeas corpus and require Respondents to provide Petitioner with

a bond hearing. (Doc. 8.) The Court served the findings and recommendations on all parties and notified them that any objections were due within seven (7) days after service. (*Id.* at 5.) No objections have been filed, and the deadline has expired.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on September 29, 2026 (Doc. 8) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
1. Respondents are **ORDERED** to provide Petitioner (A Number: A-245-595-523) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
3. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.
4. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents are **ORDERED** to release Petitioner from custody immediately and forbear from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing

consistent with this order.

5. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.
6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.
7. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: _October 8, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE