**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID EDUARDO BAILON-ALOMIAS,<br>Petitioner,<br>v.<br>WARDEN OF CENTRAL VALLEY ANNEX DETENTION FACILITY<br>Respondent. | Case No. 1:26-cv-07396-JLT-CDB<br>A File: 245-595-523<br>ORDER GRANTING PETITIONER'S MOTION TO ENFORCE JUDGEMENT; ORDER DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A SUBSTANTIVE BOND HEARING WITH PROPER NOTICE<br>(Doc. 11) |

Before the Court is Petitioner David Eduardo Bailon-Alomias' Motion to Enforce Judgement. (Doc. 11.) Petitioner argues that an immigration judge conducted a bond hearing pursuant to this Court's order at Doc. 9, but that Petitioner did not receive adequate notice of the hearing and thus did not have a meaningful opportunity to be heard at the hearing. (Doc. 11 at 6.) For the reasons set forth below, the Court **GRANTS** Petitioner's motion.

## I. BACKGROUND

On October 8, 2026, this Court entered judgment on Petitioner David Eduardo Bailon-Alomias' petition for a writ of habeas corpus. (Doc. 9.) The Court ordered Respondents to provide Petitioner with a constitutionally compliant bond hearing at which Respondents are to bear the burden of proof by clear and convincing evidence to show that Petitioner presents a flight risk or danger to the community. (*Id.* at 2.) Moreover, the Court ordered Respondents to provide

Petitioner and his attorney of record with at least 72 hours' notice of the scheduled bond hearing. (*Id.*)

On October 19, 2026, that hearing occurred, and the immigration judge denied Petitioner's request for bond. (*See* Doc. 13.) On October 30, 2026, Petitioner filed a motion to enforce judgement, in which he argued, *inter alia*, Respondents violated this Court's order by not providing the requisite 72 hours' notice of the bond hearing. (Doc. 11 at 6.) Petitioner claims he did not receive notice of the bond hearing until the day of the hearing. (*Id.* at 2.) As evidence, Petitioner attached a copy of a ledger of "Central Valley Annex Legal Calls" dated October 19, 2026. (*Id.* at 11.) Petitioner asks the Court for immediate release or, alternatively, for the Court to order a second bond hearing with sufficient advanced notice. (*Id.* at 7-8.)

On November 6, 2026, the Court ordered Respondents to provide (1) a complete transcript or audio recording of the hearing before the immigration judge, (2) any other materials related to the immigration judge's written order, and (3) any EOIR documents related to the scheduling and notice provided to Petitioner of the October 19, 2026 bond hearing. (Doc. 12.) On November 13, 2026, Respondents submitted a Digital Audio Recording "DAR" of the Bond Hearing (Doc. 13) and the immigration judge's written bond order. (Doc. 14.) Notably, Respondents did not provide any EOIR documents related to notice.

## II. LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

"An elementary and fundamental requirement of due process" is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank &*

*Trust Co.*, 339 U.S. 306, 314 (1950). In determining whether a form of notice satisfies due process, the Court must consider "the practicalities and peculiarities of the case" and balance "the interest of the State" against "the individual interest sought to be protected" by the Clause. *Id*. at 313–14. Due process does not require the government to do the "impossible or impractical." *Id*. at 314. "But when notice is a person's due, process which is a mere gesture is not due process." *Id*. at 315. Accordingly, "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Id*.

Due process in immigration proceedings requires notice that is "reasonably calculated to inform [individuals] of the pendency of the proceedings and a meaningful opportunity to appear and to contest the charges." *United States v. Rivera-Valdes*, 157 F.4th 978, 993 (9th Cir. 2025), cert. denied, 146 S. Ct. 2696 (2026). The purpose of the notice requirement is to ensure that the person who is to be heard is "given a meaningful opportunity to present their case." *Mathews v. Eldridge*, 424 U.S. 319, 349 (1976). Additionally, to establish a due process violation in immigration cases, the individual must also establish prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Jacques v. Blanche*, No. 23-3015, 2026 WL 2543391, at *4 (9th Cir. Aug. 28, 2026).

## III. ANALYSIS

Petitioner asserts he was not provided the requisite 72 hours' notice of the bond hearing before the hearing occurred. (Doc. 11 at 6.) The Court interprets Respondents lack of compliance or further discussion of the notice issue as a concession that Petitioner was not provided proper notice of the bond hearing. Without notice of the bond hearing, Petitioner was unable to prepare arguments for the hearing, and therefore, Petitioner was not provided "a meaningful opportunity to present [his] case." *See Mathews*, 424 U.S. at 349.

Having found inadequate notice, Petitioner must also establish prejudice. As a result of not receiving notice, Petitioner argues that he was unable to (1) seek and consult with counsel concerning the bond hearing and the applicable legal standard, (2) collect and organize documentary evidence addressing his ties to the community, propose release arrangements, and any allegations of flight risk or danger, (3) prepare a meaningful response to the government's

evidence and arguments, and (4) present his circumstances and supporting evidence in an organized manner before the immigration judge. (Doc. 11 at 5.) Petitioner's risks of dangerousness and flight were the issues considered at the bond hearing. (*See* DAR.) Because the immigration judge denied Petitioner's request for bond after Petitioner was unable to prepare for the hearing due to lack of notice, "the outcome of the proceeding may have been affected by the alleged violation." *See Jacques*, 2026 WL 2543391, at *4. Therefore, Petitioner was prejudiced by the lack of notice. As such, the Court finds the appropriate remedy in this case is to order Respondents to provide Petitioner with a new bond hearing with adequate notice. For the foregoing reasons, the Court **ORDERS:**

1. Petitioner's motion to enforce the Court's prior order (Doc. 11) is **GRANTED**.

2. Within **<u>14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge

presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

5. Respondent **SHALL** file a notice of compliance with this Court's Order and, if a bond hearing was held, identify the outcome of the hearing.

6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California, with a copy of this Order.

IT IS SO ORDERED.

Dated: Nov. 24, 2026

JENNIFER L. THURSTON
U.S. District Judge